IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL DWAYNE RODGERS, | ) | No. C 10-01354 JW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| SAN MATEO COUNTY, et al., | ) ) | |
| Defendant(s). | ) ) | |

Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against San Mateo County, the County Jail, and employees thereof. Plaintiff's motion to proceed in forma pauperis, (Docket No. 2), will be addressed in a separate order.

**DISCUSSION**

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.10\Rodgers01354_dismissal.wpd

1  frivolous, malicious, or fails to state a claim upon which relief may be granted," or
2  "seeks monetary relief from a defendant who is immune from such relief." Id. §
3  1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police
4  Dep't., 901 F.2d 696, 699 (9th Cir. 1990).
5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States
7  was violated, and (2) that the alleged violation was committed by a person acting
8  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Legal Claims

10       Plaintiff alleges that the San Mateo County Jail ("SMCJ") has been
11 "operating [without] a grievance system (in accordance with the law and/or
12 regulations)." (Compl. at 3.) Plaintiff claims that SMCJ "declare[d] that they've
13 operated a Grievance System which requires completion of all levels... on grievance
14 forms, [and] also inmates must write a letter to the Facility Commander." (Id.)
15 Plaintiff states that "[t]his policy they claim was adopted in 1994 and is in use to this
16 day." (Id.) Plaintiff claims that the "laws/ruling standard(s) call for one (form of
17 grievance) or the other (not both)." (Id.) Plaintiff claims that requiring both is an
18 "excessive obstruction" and that he has suffered "unaccountable, [u]nutterable
19 abuses by Defs.' Delib. Indiff. [*sic*] conspiracy, collusion, and ill intent." (Id.)
20 Plaintiff seeks monetary relief.

21       Plaintiff's claim must be dismissed for failure to state a cognizable claim
22 under § 1983, *i.e.*, the deprivation of a federal or constitutional right. First of all,
23 there is no constitutional right to a prison administrative appeal or grievance system.
24 See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855
25 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430
26 (7th Cir. 1996); Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord
27 Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein
28 no provision made for administrative review of disciplinary decisions).

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.10\Rodgers01354_dismissal.wpd     2

Furthermore, California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.[1]  The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same).  A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983.  See Buckley, 997 F.2d at 495; see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Plaintiff does not have a constitutional right to a grievance system, and in California, he has only the right to the procedural structures set forth in the regulations which alone are not a basis of a constitutionally cognizable liberty interest.  See Smith v. Noonan, 992 F.2d at 989.  In sum, plaintiff's claim, even if true, that the SMCJ grievance system requires more than is required by state regulations amounts to no more than a state cause of action and therefore is not cognizable under § 1983.  Accordingly, this action is DISMISSED for failure to

---

[1] See Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, et seq. (applicable to state prisons).

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.10\Rodgers01354_dismissal.wpd          3

state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice.

DATED: July 21, 2010

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.10\Rodgers01354_dismissal.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RUSSELL D RODGERS,

        Plaintiff,

  v.

SAN MATEO COUNTY, et al.,

        Defendants.
                                              /

Case Number: CV10-01354 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   7/22/2010  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Russell Dwayne Rodgers D-49999
San Quentin State Prison
San Quentin, CA 94974

Dated:   7/22/2010

                                        Richard W. Wieking, Clerk
                                  /s/ By: Elizabeth Garcia, Deputy Clerk